UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALAN L. BRINKER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No: C 10-03091 SBA<br><br>**ORDER**<br><br>Docket 32, 36, 39, 56, 61, 62. |

      On July 14, 2010, Plaintiff Alan Brinker ("Plaintiff"), proceeding pro se, filed a complaint for judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying him disability benefits. Dkt. 1. The parties are presently before the Court on the following matters: (1) Plaintiff's motion for leave to amend the complaint; (2) the Commissioner's motion for summary judgment; (3) Plaintiff's motion for enlargement of time, appointment of counsel, and for an order transferring the case to the San Jose Division of this Court; and (4) Plaintiff's motion to remove documents from the Internet. See Dkt. 32, 36, 61, 62. The Commissioner has filed an opposition to Plaintiff's motion for leave to amend the complaint, Dkt. 37, but has not filed an opposition or statement of non-opposition as required by Civil Local Rule 7-3(b) to Plaintiff's motions for enlargement of time, appointment of counsel, transfer of this case to the San Jose Division of this Court, and for an order removing documents from the Internet. Plaintiff has not filed an opposition to the Commissioner's motion for summary judgment, but instead has requested an enlargement of time to respond to the motion. Dkt. 61.

1   Having read and considered the papers filed in connection with these matters and
2 being fully informed, the Court hereby DENIES Plaintiff's motion to transfer the case to the
3 San Jose Division of this Court, DENIES Plaintiff's motion for appointment of counsel,
4 DENIES Plaintiff's motion for leave to amend the complaint, GRANTS Plaintiff's motion
5 for enlargement of time, and DENIES Plaintiff's motion to remove documents from the
6 Internet.  In light of the Court's ruling on Plaintiff's motion for enlargement of time, the
7 Court declines to rule on the Commissioner's motion for summary judgment at this time.
8 Plaintiff shall file an opposition to the Commissioner's motion for summary judgment by
9 no later than thirty (30) days from the date this Order is filed.  If an opposition is filed, the
10 Commissioner may file a reply brief by no later than seven (7) days after the opposition is
11 filed.  Unless the Court orders otherwise, the matter will be deemed submitted for decision
12 without oral argument upon the expiration of the briefing schedule.  The Court, in its
13 discretion, finds the matters before the Court suitable for resolution without oral argument.
14 See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

15  I.   **BACKGROUND**

16   On December 13, 2007, an Administrative Law Judge ("ALJ") issued a decision
17 concluding that Plaintiff's disability ended in January 2001, and therefore he was no longer
18 entitled to Social Security benefits.  Administrative Record ("AR") 43.  In reaching this
19 conclusion, the ALJ made the following "Findings of Fact and Conclusions of Law": (1)
20 Plaintiff was found to be disabled within the meaning of the Social Security Act beginning
21 August 1, 1989; (2) Plaintiff completed a trial work period that began in February 1996 and
22 ended in December 2000; (3) after completing the trial work period, Plaintiff first
23 performed gainful activity in January 2001; and (4) Plaintiff's disability ended in January
24 2001, the first month after the completion of the trial work period in which Plaintiff
25 engaged in substantial gainful activity.  See id. at 40-43.

26   On July 14, 2010, Plaintiff, proceeding pro se, filed a complaint challenging the
27 ALJ's decision denying him disability benefits, and an application to proceed in forma
28 pauperis.  Dkt. 1, 2.  Also on July 14, 2010, the Court issued a "Procedural Order For

Social Security Review Actions," which, among other things, states that the Commissioner shall file an answer to the complaint within 90 days of receipt of the summons and complaint, and that Plaintiff shall file a motion for summary judgment or for remand within 30 days of service of the Commissioner's answer. Dkt. 3.

On July 16, 2010, Plaintiff's application to proceed in forma pauperis was granted. Dkt. 4. On November 9, 2010, the Commissioner filed an answer. Dkt. 20. Plaintiff, however, did not file a motion for summary judgment or for remand within 30 days of service of the Commissioner's answer, as required by the Procedural Order For Social Security Review Actions.

At the Case Management Conference held on January 28, 2011, the Court ordered the Commissioner to file a motion for summary judgment within 45 days, and permitted Plaintiff to file a motion for leave to amend the complaint within 45 days. See Dkt. 27. On February 23, 2011, the Court issued an Order granting an extension of time, which stated that "the parties shall have an extension of time, up to 90 days from the date of the Order, for Defendant to file a motion for summary judgment and for Plaintiff's optional motion to amend the complaint." Id.

On May 23, 2011, Plaintiff filed a motion for leave to amend the complaint. Dkt. 32. The Commissioner filed a motion for summary judgment on May 25, 2011. Dkt. 36. On June 7, 2011, Plaintiff filed a motion to enlarge time, requesting an extension of time to file an opposition to the Commissioner's motion for summary judgment. Dkt. 39. The Commissioner filed a non-opposition to this motion, stating that he does not oppose Plaintiff's request to enlarge the time to respond to the motion for summary judgment to July 22, 2011. Dkt. 41. Plaintiff's motion, however, was not granted.

On July 20, 2011, Plaintiff filed another motion for extension of time to respond to the Commissioner's motion for summary judgment. Dkt. 47. On August 11, 2011, the Court granted Plaintiff's request for enlargement of time, ordering Plaintiff to file an opposition on or before September 29, 2011. Dkt. 50. On September 23, 2011, following a Case Management Conference, the Court issued an order extending the deadline for

1 Plaintiff to file an opposition to the Commissioner's motion for summary judgment by 60
2 days, or until on or about November 23, 2011. Dkt. 53.
3       On September 28, 2011, this action was reassigned to the undersigned. Dkt. 54.
4 On November 18, 2011, Plaintiff filed a motion to enlarge time and to transfer the case to
5 the San Jose Division of this Court, requesting that the due date for his response to the
6 motion for summary judgment be extended to January 31, 2012 or, in the alternative, until
7 an attorney is found to represent him and the case is transferred back to San Jose. Dkt. 56.
8 On March 12, 2012, Plaintiff filed a motion for enlargement of time, appointment of
9 counsel, and for an order transferring the case to the San Jose Division of this Court. Dkt.
10 61. On March 16, 2012, Plaintiff filed a motion entitled "Ex Parte Motion to Remove
11 Documents from the Internet," which seeks an order from this Court removing "all
12 documents in this case from the [I]nternet." Dkt. 62.

13 **II.**    **<u>DISCUSSION</u>**
14       Before the Court are the following motions: (1) Plaintiff's motion for leave to amend
15 the complaint; (2) the Commissioner's motion for summary judgment; (3) Plaintiff's motion
16 for enlargement of time, appointment of counsel, and for an order transferring this case to
17 the San Jose Division of this Court; and (4) Plaintiff's motion to remove documents from
18 the Internet. <u>See</u> Dkt. 32, 36, 61, 62.

19       **A.**    **Motion to Transfer Venue**
20       Plaintiff moves for an order transferring this case to the San Jose Division of this
21 Court, arguing that transfer of venue is appropriate because the instant action was originally
22 commenced in San Jose – Plaintiff's "home jurisdiction," and because Plaintiff is "about to
23 go homeless again and it is extremely difficult for [him] to travel to Oakland and the
24 expense is prohibitive." The Commissioner did not file an opposition to this motion.
25       A district court "may transfer any civil action to any other district or division where
26 it might have been brought" "for the convenience of parties and witnesses" and "in the
27 interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste
28 of time, energy and money and to protect litigants, witnesses and the public against

1 unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964)
2 (quotation marks omitted).  The party moving for transfer of a case bears the burden of
3 demonstrating that a transfer is appropriate.  <u>See</u> <u>Commodity Futures Trading Comm'n v.</u>
4 <u>Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979).  A motion for transfer lies within the broad
5 discretion of the district court, and must be determined on an individualized basis.  <u>See</u>
6 <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000).

7       The Court finds that Plaintiff has failed to demonstrate that this case should be
8 transferred to the San Jose Division of this Court.  While this case was originally assigned
9 to the San Jose Division, which includes the County Plaintiff resides in (i.e., Santa Clara
10 County), Plaintiff has not shown that the convenience of the parties and witnesses and the
11 interests of justice will be served by transferring this case to San Jose.  The sole reason
12 given by Plaintiff in support of his request for transfer of venue is that San Jose is his
13 "home" jurisdiction and he is "currently about to go homeless again" and therefore it will be
14 "extremely difficult for [him] to travel to Oakland and the expense is prohibitive."
15 However, because this case will be decided without oral argument, and because Plaintiff
16 has been granted permission to e-file, <u>see</u> Dkt. 43, Plaintiff will not need to travel to
17 Oakland to litigate this case.  As such, transfer of venue is not necessary to protect Plaintiff
18 against unnecessary inconvenience and expense.  Nor is it necessary to prevent the waste of
19 time and money.[1]  Accordingly, because Plaintiff failed to satisfy his burden to demonstrate
20 that transfer of venue to the San Jose Division of this Court is appropriate, Plaintiff's
21 motion to transfer venue is DENIED.

22     **B.**    **Motion for Appointment of Counsel**

23       Plaintiff moves for an order appointing counsel to represent him in this action,
24 arguing that appointment of counsel is warranted because the Commissioner has filed a
25 motion for summary judgment which "exceeds his level of skills."  According to Plaintiff,

26

---

27     [1] The Court notes that because the Court's review of the Commissioner's decision is limited to the administrative record, transfer of venue is not necessary to protect any
28 witness against unnecessary inconvenience and expense.

1 although he is "clearly a smart, well-educated man," he has "ADD,"[2] which means that he
2 is unable "to filter out what is important and what is not" and "to approach things from a
3 normal standpoint or viewpoint, which is critical to this case and particularly the current
4 motion."

5 In addition, Plaintiff argues that appointment of counsel is warranted because he
6 cannot afford counsel as he will be "going homeless" in "the immediate future" and is
7 surviving on a pension of $1,023.00 a month. Plaintiff further argues that appointment of
8 counsel is warranted because he has contacted "every Social Security attorney [he] could
9 find within 50 miles, every aid organization and anyone else [he], Social Security, or
10 anyone else could come up with," but has been unable to find an attorney willing to take his
11 case. The Commissioner did not file an opposition to Plaintiff's motion.

12 Generally, a plaintiff in a civil case has no right to appointed counsel. See
13 Hernandez v. Whiting, 881 F.2d 768, 770-771 (9th Cir. 1989); United States v. 30.64
14 Acres, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an
15 attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A
16 civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort
17 obtain counsel before a court may exercise its discretion under § 1915(e)(1). Bailey v.
18 Lawford, 835 F.Supp. 550, 552 (S.D. Cal. 1993).

19 Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1)
20 requires a finding of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015,
21 1017 (9th Cir. 1991). Determining whether "exceptional circumstances" exist requires a
22 court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to
23 articulate his claims pro se. Id. "Neither of these issues is dispositive and both must be
24 viewed before reaching a decision." Id.

25 Here, Plaintiff has established his indigence by successfully obtaining in forma
26 pauperis status. In his motion papers, Plaintiff represents that he has made reasonably

27 ───────────────
[2] Plaintiff did not define "ADD." Although unclear, it appears that he is referring to
28 Attention Deficit Disorder.

- 6 -

1 diligent efforts to obtain counsel.  However, even assuming Plaintiff has demonstrated a
2 reasonable effort to obtain counsel, the Court finds that appointing counsel to represent him
3 is not appropriate because he has failed to show that exceptional circumstances necessitate
4 appointment of counsel.  Plaintiff did not present evidence or argument showing that he is
5 likely to succeed on the merits, i.e., that the Commissioner's decision denying him benefits
6 was improper.  Further, while Plaintiff claims to have "ADD," Plaintiff did not provide
7 evidence substantiating this claim, nor did he demonstrate that he is unable to articulate his
8 claims pro se.  For instance, Plaintiff did not suggest that this matter is complicated and, if
9 it is, explain how the complexity of this case will prevent him from presenting arguments in
10 support of his position.  Accordingly, Plaintiff's motion for appointment of counsel is
11 DENIED.

   **C.**  **Motion for Leave to Amend the Complaint**

   Plaintiff moves for leave to amend his complaint to "sue SSA [Social Security Administration] for all benefits due, as well as have the currently ple[]d issues decided."  Plaintiff argues that amendment is appropriate because defense counsel advised him in January 2011 that "SSA had several new objections to his receiving benefits."  In support of his motion, Plaintiff asserts that he believed at the time of filing this action that "SSA's failure to pay . . . benefits all hinged on one decision which he has contested continuously."  However, "[a]fter discussing the issue with SSA's counsel[,] it became clear that SSA had no intention of paying [Plaintiff], or even forgiving what they currently claim . . ."

   The Commissioner opposes Plaintiff's motion, arguing that the proposed amendment would be futile because: (1) if Plaintiff seeks benefits based on ALJ error, such relief is already encompassed by the general prayer for relief in the complaint; and (2) if Plaintiff seeks benefits based on a due process or other constitutional claim, such a claim is beyond the Court's subject matter jurisdiction because of failure to exhaust.

   In his reply brief, Plaintiff states that "[a]mong the issues [he] wishes to raise in his amended complaint are due process, unpaid benefits and interest."  Plaintiff asserts that "[t]here are numerous issues at dispute between the parties, beyond the ruling underlying

this case and Social Security is refusing Plaintiff appeals, hearings, etc." Plaintiff further asserts that SSA has violated due process by "failing repeatedly and continuously to reply to [his] filings, hearing demands, failing to notify him of hearing outcomes . . ." Plaintiff claims that "Social Security clearly refuses to allow [him] to pursue appeals on the other issues," including the amount SSA claims Plaintiff owes for overpayments of benefits. According to Plaintiff, he is owed far more in benefits than what SSA is trying to collect in overpayments and would like to have the opportunity to make this argument.

A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1).[3] In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2). The court should freely grant leave when justice so requires. Id.

When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). A proposed amended complaint is futile if it would be immediately subject to dismissal. See Nordyke v. King, 644 F.3d 776, 788 n. 12 (9th Cir. 2011). Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Id.

---

[3] Here, because Plaintiff filed his motion for leave to amend more than 21 days after the Commissioner filed his answer, and because the Commissioner does not consent to amendment of the complaint, Plaintiff cannot file an amended complaint without leave of Court.

1       Here, because Plaintiff failed to provide the Court a copy of his proposed amended
2 complaint as required by Civil Local Rule 10-1,[4] it is not entirely clear how he intends to
3 amend his complaint if granted leave to do so.  Plaintiff was made aware of the need to
4 comply with this rule, as the Commissioner raised this issue in his opposition, but he failed
5 to do so.  While Plaintiff's motion is procedurally deficient, and therefore subject to denial
6 on this basis, the Court will analyze the merits of the motion to determine whether
7 amendment is proper.
8       Having reviewed Plaintiff's motion, the Court finds that granting Plaintiff leave to
9 amend his complaint is not appropriate.  In this action, Plaintiff seeks judicial review of the
10 Commissioner's decision to deny him "benefits due."  As such, his complaint already seeks
11 relief for the denial of benefits, and therefore leave to amend on this ground is not
12 warranted.  See Johnson, 356 F.3d at 1077 (denial of leave to amend proper where claim
13 already pled in the complaint provided adequate relief).  Plaintiff does not assert that he is
14 entitled to benefits other than those denied as a result of the underlying decision that
15 provides the basis for this action.  Indeed, in his motion, Plaintiff states that he "believed, at
16 the time of filing this action, that SSA's failure to pay . . . benefits all hinged on one
17 decision which he has contested continuously."
18      Moreover, even assuming as Plaintiff claims that defense counsel advised him in
19 January 2011 that "SSA had several new objections to his receiving benefits," Plaintiff has
20 failed to explain how this development justifies the filing of an amended complaint.  The
21 issue before the Court in the instant action is whether the Commissioner's decision denying
22 Plaintiff benefits is supported by substantial evidence and whether the Commissioner used
23 the proper legal standards in reaching his decision.  See Vasquez v. Astrue, 572 F.3d 586,
24 591 (9th Cir. 2009).  "In determining whether the Commissioner's findings are supported
25 by substantial evidence, [this Court] must review the administrative record as a whole,

---

[4] Civil Local Rule 10-1 provides that: "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). Thus, because review of the Commissioner's decision is limited to the administrative record, any "new" objections the SSA has to Plaintiff's receipt of benefits is irrelevant to the instant action.

Finally, to the extent that Plaintiff seeks leave to add a due process claim, the Court finds that leave to add such a claim is not appropriate. Plaintiff's argument in support of this request demonstrates that he seeks to predicate his due process claim on conduct "beyond the ruling underlying this case" that the Commissioner has yet to issue a final decision on. As made clear by 42 U.S.C. § 405(g)[5] and § 405(h)[6] of the Social Security Act, 42 U.S.C. § 301 et seq., district courts have subject matter jurisdiction only over disputes involving final decisions of the Commissioner. Therefore, because Plaintiff does not claim, let alone demonstrate, that he seeks to add a claim based on a "final decision" of the Commissioner, the Court concludes that leave to amend to assert a due process claim would be futile. Accordingly, Plaintiff's motion for leave to amend is DENIED.

---

[5] Section 405(g) states:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

[6] Section 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

D.     **Motion for Enlargement of Time**

Plaintiff moves for an order enlarging the time to file an opposition to the Commissioner's motion for summary judgment under Civil Local Rule 6-3.[7] Plaintiff requests that the Court extend the time to file an opposition until May 31, 2012 or, in the alternative, until counsel is appointed to represent him and the case is transferred back to the San Jose Division of this Court. Plaintiff contends that an order enlarging time is warranted because he needs the assistance of counsel to litigate this case. He claims that without the assistance of counsel he "would be substantially harmed or prejudiced because the [Commissioner's] motion [for summary judgment] requires the work of a professional attorney." According to Plaintiff, he called defense counsel to discuss his request for an enlargement of time, but his call was not returned "after several days." While Plaintiff acknowledges that there have been several time extensions with respect to the filing of an opposition to the Commissioner's motion for summary judgment, he states that "the requested time enlargement would not cause major harm to the [Commissioner]" because the issue in this case is the Commissioner's decision denying him benefits. The Commissioner did not file an opposition to Plaintiff's motion.

A motion to enlarge time under Civil Local Rule 6-3(a) must include the specific reasons for the request, the efforts the moving party has made to seek a stipulation to change time, the harm or prejudice that would result if the Court does not change time, a specification of any prior time modifications, and a description of the impact the requested time change would have on the schedule for the case. Civ. L.R. 6-3(a). A court's decision to grant or deny a request for continuance is a matter within the court's discretion. See United States v. Moreland, 604 F.3d 1058, 1069 (9th Cir. 2010).

Here, the instant action was commenced on July 14, 2010. On this date, an Order was issued setting forth the briefing schedule. Under the schedule outlined in the Order,

---

[7] To the extent that Plaintiff moves for an order "quashing" the Commissioner's motion for summary judgment, this request is DENIED. Plaintiff offered no authority in support of this request.

1  briefing in this matter was required to be completed by no later than December 2010.  To
2  date, the Commissioner has filed an answer to the complaint and a motion for summary
3  judgment, but Plaintiff has not filed a motion for summary judgment or an opposition to the
4  Commissioner's motion for summary judgment.

5       A review of the docket reveals that Plaintiff has been granted two extensions of time
6  to file an opposition to the Commissioner's motion for summary judgment.  On August 11,
7  2011, the Court extended the deadline for Plaintiff to file an opposition to September 29,
8  2011.  Dkt. 50.  On September 23, 2011, the Court further extended the deadline for
9  Plaintiff to file an opposition by 60 days, making Plaintiff's opposition due on or around
10 November 23, 2011.  Dkt. 53.  Plaintiff, however, did not file an opposition by this date.
11 Instead, he filed additional motions for extensions of time to respond to the Commissioner's
12 motion on November 18, 2011, and again on March 3, 2012.

13      Although Plaintiff has had ample opportunity to file an opposition to the
14 Commissioner's motion for summary judgment, which has been on file since May 25, 2011,
15 the Court finds that an enlargement of time is warranted in light of Plaintiff's pro se status,
16 the reassignment of this case and the concomitant delay in ruling on Plaintiff's request for
17 leave to amend the complaint.  Accordingly, Plaintiff's motion for enlargement of time is
18 GRANTED.  Plaintiff shall file an opposition to the Commissioner's motion for summary
19 judgment by no later than thirty (30) days from the date this Order is filed.  The Court
20 warns Plaintiff that there will be no further extensions of time to file an opposition to the
21 Commissioner's motion for summary judgment.

22      **E.    Motion for Summary Judgment**

23      In light of the Court's ruling on Plaintiff's motion for enlargement of time, the Court
24 declines to rule on the Commissioner's motion for summary judgment at this time.  Upon
25 the completion of briefing or the deadline for the completion of briefing, the Court will take
26 the matter under submission without oral argument and issue a written decision.
27 ///
28 ///

### F. Motion to Remove Documents from the Internet

Plaintiff moves for an order removing "all documents in this case from the [I]nternet." The Commissioner did not file an opposition to this motion.

In support of his motion, Plaintiff states as follows:

> [Plaintiff] is a single man who is dating single women. In this modern world many women look up their dates on the internet. The search engines show documents from this case prominently and copies are available to anyone who clicks on them. This has been happening to [Plaintiff] with some inappropriate and embarrassing results and it is causing great harm to his daily life. It has cost him some relationships. Therefore [Plaintiff] requests that the court order the clerk to remove all documents in this case from the internet.

Because Plaintiff did not cite any authority in support of his request, Plaintiff's motion to remove documents from the Internet is DENIED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to transfer the case to the San Jose Division of this Court is DENIED.

2. Plaintiff's motion for appointment of counsel is DENIED.

3. Plaintiff's motion for leave to amend the complaint is DENIED.

4. Plaintiff's motion for enlargement of time is GRANTED. In light of this ruling, the Court declines to rule on the Commissioner's motion for summary judgment at this time. Plaintiff shall file an opposition to the Commissioner's motion for summary judgment by no later than thirty (30) days from the date this Order is filed. If an opposition is filed, the Commissioner may file a reply brief by no later than seven (7) days after the opposition is filed. Unless the Court orders otherwise, the matter will be deemed submitted for decision without oral argument upon the expiration of the briefing schedule. The parties shall not file any additional documents without prior Court approval. All unauthorized documents will be stricken from the docket. Plaintiff is warned that the failure to timely file a written opposition to the Commissioner's motion for summary

1 judgment shall be construed by the Court as a consent to the granting of the motion.
2 Plaintiff is further warned that the failure to comply with this Order will result in dismissal
3 of this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to
4 prosecute and failure to comply with a Court Order.

5    5.   Plaintiff's motion to remove documents from the Internet is DENIED.

6    6.   It has come to the attention of the undersigned that Plaintiff has placed
7 numerous telephone calls to Chambers after being told that it is improper to communicate
8 by telephone with Chambers' staff. Plaintiff is warned that any future contact with
9 Chambers will result in sanctions, up to and including dismissal of this action.

10   7.   This Order terminates Docket 32, 39, 56, 61, 62.

11   IT IS SO ORDERED.

12 Dated: 7/20/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALAN BRINKER et al,

        Plaintiff,

  v.

MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY et al,

        Defendant.
                              /

Case Number: CV10-03091 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan Lee Brinker
980 Michelangelo
Sunnyvale, CA 94087

Dated: July 23, 2012

                                      Richard W. Wieking, Clerk

                                                By: Lisa Clark, Deputy Clerk