UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALAN BRINKER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security of the<br>United States of America,<br><br>　　　　Defendant. | Case No: C 10-3091 SBA<br><br>**ORDER RE: CROSS-MOTIONS<br>FOR SUMMARY JUDGMENT**<br><br>Docket 36, 66 |

　　　　Plaintiff Alan Brinker ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"). Plaintiff alleges that he was improperly denied Supplemental Security Income ("SSI") benefits by the Administrative Law Judge ("ALJ") reviewing his application for benefits.

　　　　The parties are presently before the Court on the Commissioner's motion for summary judgment (Dkt. 36) and Plaintiff's cross-motion for summary judgment (Dkt. 66). Having read and considered the papers submitted by the parties, and having reviewed the record, the Court hereby GRANTS the Commissioner's motion and DENIES Plaintiff's motion.

**I.　　BACKGROUND**

　　　　In January 1993, the Social Security Administration (the "agency") found Plaintiff to be disabled as of August 1, 1989 from functional limitations due to his mental impairments.

Administrative Record ("AR") at 38, 91.[1]  In April 1997, the agency determined that Plaintiff continued to be disabled.  See id. at 38, 90-92, 98-100.  In a letter dated July 8, 2005, the agency informed Plaintiff that his disability had ended as of January 1, 2001 because of substantial gainful activity.  Id. at 87.  On February 22, 2006, the agency upheld this determination following Plaintiff's request for reconsideration.  Id. at 82.  The agency informed Plaintiff that if he disagreed with the decision he had 60 days to request a hearing before an ALJ.  Id. at 83.  Plaintiff subsequently filed a request for a hearing, id. at 81, which was scheduled for October 12, 2007.  Id. at 63.

On October 12, 2007, Plaintiff appeared at the hearing and testified.  See AR 334-368.  Although the ALJ informed Plaintiff that he would be given more time to obtain counsel or a representative, Plaintiff decided to appear and testify without the assistance of counsel.  Id. at 334-336.

On December 13, 2007, the ALJ issued a decision determining that Plaintiff's disability ended in January 2001.  See AR at 38-43.  In reaching this conclusion, the ALJ made the following findings: (1) Plaintiff was found to be disabled within the meaning of the Social Security Act beginning August 1, 1989; (2) Plaintiff completed a trial work period that began in February 1996 and ended in December 2000; (3) after completing the trial work period, Plaintiff first performed substantial gainful activity in January 2001; and (4) Plaintiff's disability ended in January 2001, the first month after completion of the trial work period in which the claimant engage in substantial gainful activity.  Id. at 40-43.

After receiving the ALJ's adverse ruling, Plaintiff requested review by the Appeal's Council, which denied review on May 14, 2010.  AR at 12-16, 32.  In a letter dated August 27, 2010, the Appeals Council informed Plaintiff that it had received the additional information he submitted about the facts of the case, but found that there was no basis to reopen his case and change the decision.  Id. at 4-6.

---

[1] In January 1993, the medical evidence established that Plaintiff was diagnosed with a personality disorder.  AR at 91.  The medical evidence established that passive aggressive, anti-social and paranoid personality features were present.  Id.

Plaintiff, proceeding pro se, filed his complaint in this Court on July 14, 2010, seeking review of the ALJ's decision. Compl., Dkt. 1. On May 5, 2011, the Commissioner filed a motion for summary judgment, arguing that the ALJ's decision is "free of reversible error" and substantial evidence supports the ALJ's determination that Plaintiff's disability ended in January 2001 because this is the first month Plaintiff performed substantial gainful activity following completion of the trial work period. Dkt. 36. On August 23, 2012, Plaintiff filed a combined opposition and cross-motion for summary judgment, arguing, among other things, that the ALJ erred by miscalculating the months he worked during his trial work period.[2] Dkt. 66. The Commissioner filed a reply brief on August 29, 2012. Dkt. 68. On September 11, 2012 Plaintiff filed an "Addendum" to his combined opposition and cross-motion for summary judgment. Dkt. 69.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court has authority to review a Commissioner's decision to deny disability benefits to a claimant. The Court's role is "to ensure that the [ALJ's] decision was supported by substantial evidence and a correct application of the law." Ludwig v. Astrue 681 F.3d 1047, 1051 (9th Cir. 2012). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Robbins v. Social Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). The Court must "review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v.

---

[2] The Court notes that Plaintiff has submitted additional evidence in support of his opposition and cross-motion for summary judgment. The district court's function is to review the correctness of the Commissioner's decision at the time it was made. Hudson v. Bowen, 849 F.2d 433, 435 (9th Cir.1988). With respect to new evidence not contained in the administrative record, the court may remand a case "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 42 U.S.C. § 405(g); see also Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). Plaintiff has not argued, let alone demonstrated, that remand is appropriate based on the evidence attached to his brief. The Court, therefore, will not consider the evidence submitted by Plaintiff.

Chater, 157 F.3d 715, 720 (9th Cir. 1998). "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

## III. DISCUSSION

### A. Cross-Motions for Summary Judgment

To determine when the disability period ends, the agency uses an eight-step evaluation process. 20 C.F.R. § 404.1594(f). Section 404.1594(f) provides specific steps that must be followed when the agency is determining whether to cease benefits to a particular claimant. Id. In the first step, the agency must determine whether the claimant engaged in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If the claimant is engaged in substantial gainful activity and any applicable trial work period has ended, the claimant is no longer disabled. 20 C.F.R. § 404.1594(f)(1). Here, because the ALJ found that Plaintiff's disability period ended under step one, the remaining seven steps of the evaluation process are irrelevant to the instant action. The question here is whether the ALJ's determination under step one is supported by substantial evidence and a correct application of the law.

A trial work period is a period during which a claimant may test his ability to work and still be considered disabled. 20 C.F.R. § 404.1592(a). During this period, a claimant may perform services in as many as nine months while still receiving benefits, but these months do not have to be consecutive. Id. Those services will not be considered as showing that a claimant's disability has ended until the claimant has performed services in at least nine months. Id. However, after the trial work period has ended, the work performed by the claimant during the trial work period will be considered in determining whether the claimant's disability ended at any time after the trial work period. Id. The trial work period begins with the month an individual is entitled to benefits and ends on the ninth month (whether or not the months have been consecutive) in which the individual has performed services within a period of sixty consecutive months if the ninth month is after December 1991. See 20 CFR § 404.1592(e).

- 4 -

"[S]ervices means any activity (whether legal or illegal), even though it is not substantial gainful activity, which is done in employment or self-employment for pay or profit, or is the kind normally done for pay or profit." 20 C.F.R. § 404.1592(b). Work performed by an employee is considered to be services if, before January 1, 2002, earnings in a month were more than the amounts indicated in Table 1 of 20 C.F.R. § 404.1592(b). According to Table 1, an employee engages in "services" if he earned $200 or more in the calendar years 1990-2000, and $530 or more per month in the calendar year 2001. Id.

If a claimant engages in substantial gainful activity after a trial work period has been completed, the claimant's disability has ended. See 20 C.F.R. § 404.1594(f)(1); 20 C.F.R. § 404.1594(d)(5) ("your disability has ended in the month in which you demonstrated your ability to engage in substantial gainful activity (following completion of a trial work period, where it applies)"). Substantial gainful activity is "any work that—(a) [i]nvolves doing significant and productive physical or mental duties[,] and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 404.1572, 416.910, 416.972.

Here, the ALJ found that Plaintiff completed a trial work period that began in February 1996 and ended in December 2000. AR at 40-42. Specifically, the ALJ determined that Plaintiff's trial work period is comprised of the following nine months: February and March 1996, March 2000 through July 2000, and November and December 2000. Id. at 41. The ALJ further also that after completing the trial work period, Plaintiff performed substantial gainful activity in January 2001. Id. at 42. As such, the ALJ concluded that Plaintiff's disability ended under section 223(f) of the Social Security Act as of January 1, 2001, the first month after the trial work period in which Plaintiff engaged in substantial gainful activity. Id. at 38, 43.

Plaintiff, for his part, does not dispute that he engaged in "services" as an employee during the trial work period. Nor does he dispute the ALJ's determination that he engaged in "services" as an employee in February 1996, and in March, April, May, June, July and

- 5 -

December 2000.[3] Pl.'s Opp. at 10-12. Instead, he contends that he did not engage in "services" as an employee in March 1996 and November 2000. Id.

With respect to March 1996, Plaintiff argues, without citation to the record, that he remembers only working one month for Butler Services International, Inc. ("Butler") in February of 1996, and that the "ALJ said that . . . Butler had been called and admitted they did not have complete records." Pl.'s Opp. at 11. The Court finds that substantial evidence supports the ALJ's finding that Plaintiff engaged in "services" as an employee in March 1996. The evidence in the record demonstrates that Plaintiff worked for Butler from February 19, 1996 to March 7, 1996, earning $810 in February 1996 and $1297.50 in March 1996. AR at 150, 160.

With respect to November 2000, Plaintiff argues that he did not work for PRI Automation ("PRI") until December 2000, and that the ALJ's logic regarding this issue is "made up conjecture." Pl.'s Opp. at 12. Plaintiff contends that he started at PRI in December 2000 "regardless of what the employment offer appears to indicate," and that a letter exists from the director of the company "threatening him with cancellation of the offer if he did not start soon, because he didn't start when the company wanted him to." Id. The Court finds that substantial evidence supports the ALJ's finding that Plaintiff engaged in "services" as an employee in November 2000. The evidence in the record establishes that Plaintiff received an offer letter from PRI, which states that the offer of employment "will be in effect through November 3, 2000," and that, upon acceptance of the offer, Plaintiff would receive a biweekly salary of $2,769.23 and a signing bonus of $5,000. AR 239-240. The evidence also establishes that Plaintiff sent a letter to the agency in October 2002 wherein he states that he worked for PRI "for about a month and a half at the end of the year [in 2000]." Id. 250. The evidence further establishes that PRI paid Plaintiff $13,302.25 in 2000. Id. at 129.

---

[3] The record demonstrates that Plaintiff was employed in March, April, May, June, July and December 2000, and that in each of those months he earned at least $1,970,50. See AR 129, 149, 161, 239-240.

Plaintiff, for his part, did not provide an explanation, let alone cite to evidence in the record, supporting his position that he only worked for PRI in December 2000. While Plaintiff claims that the ALJ's "accounting on the issue is incorrect," he offers no plausible explanation for why PRI paid him $13,302.25 in December 2000 when his biweekly salary was $2,769.23. As noted by the ALJ, subtracting the $5,000 signing bonus from $13,302.25 yields $8,302.25, which is approximately six weeks of biweekly salary at a rate of $2,769.23. See AR at 41-42.

In sum, having reviewed the ALJ's decision and the record in this matter, the Court finds that the ALJ's decision is supported by substantial evidence and is a correct application of the law. The evidence in the record demonstrates that Plaintiff completed a nine month trial work period that began in February 1996 and ended in December 2000. The evidence also demonstrates that Plaintiff was employed by PRI in January 2001 following completion of the trial work period. AR at 225, 355. Accordingly, because Plaintiff engaged in substantial gainful activity after the completion of his trial work period, Plaintiff's disability ended as of January 1, 2001. See 20 C.F.R. § 404.1594(f)(1); 20 C.F.R. § 404.1594(d)(5) ("your disability has ended in the month in which you demonstrated your ability to engage in substantial gainful activity (following completion of a trial work period, where it applies)").

### B. Remaining Issues

The Court notes that Plaintiff has raised a variety of issues that are unsupported and/or irrelevant to the Court's determination of whether "the [ALJ's] decision was supported by substantial evidence and a correct application of the law." Ludwig, 681 F.3d at 1051. For instance, Plaintiff claims that the entire hearing before the ALJ should be invalidated because the ALJ did not let him stand up for his right to an attorney, that he was not properly advised what the hearing was about, and that the ALJ was biased, unfair and did not accommodate his disability. Pl.'s Opp. at 6, 8-10. Plaintiff also claims that "Social Security is not entitled to receive any money back from [him]," and that he is entitled to

receive benefits while working with the Department of Rehabilitation or on a "Ticket to Work." Id. at 7-8.

The Court notes that the latter issues are irrelevant because they are outside the scope of the ALJ's decision. As for the other issues, the record reveals that Plaintiff was expressly advised by the ALJ and the Appeals Council that the agency does not have the authority to appoint counsel to represent him. AR at 4, 334-335. Further, contrary to Plaintiff's contention, the record indicates that he was informed that the issue in this case concerns the trial work period. See AR at 5 (in response to a letter by Plaintiff claiming that the different judges that have heard his case have had a different view of the relevant issues, the Appeals Council stated "it appears from a review of the file that the only issue ever discussed in the hearing or in the decisions was what months counted as your Trial Work Period. Throughout the process, the judges involved in your case have focused exclusively on that issue.").[4] Finally, Plaintiff has failed to demonstrate that the ALJ was biased, unfair, or failed to accommodate his disability. Moreover, Plaintiff has not shown that a new hearing would elicit facts that would change the outcome of the ALJ's decision.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Commissioner's motion for summary judgment is GRANTED.

2. Plaintiff's cross-motion for summary judgment is DENIED.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: September 28, 2012

                                                  *Saundra B. Armstrong*
                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge

---

[4] At the hearing, the ALJ repeatedly told Plaintiff that the issue in this case concerns the trial work period. See AR 338, 340, 344-345, 366. Indeed, the ALJ specifically told Plaintiff that the issue he is concerned with is whether there has "been a trial work period" and whether it has "expired." See AR 338.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


ALAN BRINKER et al,

        Plaintiff,

  v.

MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY et al,

        Defendant.
                                      /

                                      Case Number: CV10-03091 SBA

                                      **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Alan Lee Brinker
980 Michelangelo
Sunnyvale, CA 94087


Dated: October 15, 2012
                                  Richard W. Wieking, Clerk

                                              By: Lisa Clark, Deputy Clerk